IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Southern Division)

| | |
|---|---|
| JUAN CARLOS GONZALEZ RAMIREZ<br>720 Seek Lane<br>Takoma Park, Maryland 20912<br><br>    Plaintiff,<br><br>v.<br><br>VERONICA CLEANING LLC<br>1611 Forest Glen Road<br>Silver Spring, Maryland 20910<br><br>    Serve: Resident Agent<br>           Lesbia Veronica Marin<br>           1611 Forest Glen Road<br>           Silver Spring, Maryalnd 20910<br><br>LESBIA VERONICA MARIN<br>1611 Forest Glen Road<br>Silver Spring, Maryland 20910<br><br>    Defendants. | Civil Action No. |

## COMPLAINT

Plaintiff, Juan Carlos Gonzalez Ramirez ("Plaintiff"), by and through his attorneys, Mary Craine Lombardo, Eduardo S. Garcia and Stein Sperling Bennett De Jong Driscoll PC, hereby files his Complaint against Defendants Veronica Cleaning, LLC and Lesbia Veronica Marin (collectively "Defendants"), under the Maryland Wage Payment and Collection Law ("MWPCL") Md. Code Ann., Labor & Empl., § 3-501, et seq., the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, et seq. ("FLSA"), and the Maryland Wage & Hour Law ("MWHL"), Md. Code Ann., Lab. & Empl. § 3-401, et seq., stating as follows:

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

5218234_1

## INTRODUCTION

Plaintiff worked for Defendants for several years as a driver. Plaintiff was paid at a flat daily rate for all hours worked. He worked approximately seventy-two hours per week and was not paid at the overtime rate of one and a half times his regular hourly rate for all hours in excess of forty as required by federal law. Defendants have willfully violated the clear and well-established overtime provisions of the MWPCL, the FLSA, and the MWHL. Plaintiff seeks compensatory and statutory damages for all unpaid overtime compensation, as well as attorneys' fees and costs.

## JURISDICTION & VENUE

1. This Court has subject matter jurisdiction over the causes of action alleged in this Complaint pursuant to 28 U.S.C. §§ 1331 and 1367, and 29 U.S.C. § 216.

2. Venue is proper pursuant to 28 U.S.C. § 1391.

## PARTIES

3. Plaintiff is an adult resident of Maryland.

4. Defendant Veronica Cleaning, LLC ("Veronica Cleaning") is a Maryland limited liability company.

5. Defendant Lesbia Veronica Marin is the principal of Veronica Cleaning.

6. At all times material herein, Defendants, in the aggregate and as a single enterprise, had annual gross volume of sales made or business done in an amount exceeding $500,000.

7. Each Defendant is an "employer" within the meaning of the FLSA.

8. Defendants have at least two or more employees who are engaged in commerce, handle, sell or otherwise work on goods or materials that have moved in or were produced for

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

commerce. Defendants negotiate and purchase from producers and suppliers who operate in interstate commerce and serve customers in interstate commerce.

9. At all times relevant, Defendants constituted an "enterprise" within the meaning of 29 U.S.C. § 203(r).

10. Defendant Lesbia Veronica Marin controlled the day to day operations of Veronica Cleaning.

11. Defendant Lesbia Veronica Marin had the power to hire, fire, suspend, and discipline Plaintiff.

12. Defendant Lesbia Veronica Marin supervised Plaintiff directly or indirectly.

13. Defendant Lesbia Veronica Marin directly or indirectly set and controlled Plaintiff's work schedule or had the power to do so.

14. Defendant Lesbia Veronica Marin directly or indirectly set and determined the rate and method of Plaintiff's pay or had the power to do so.

15. The Maryland Court of Appeals made clear that individual employers are liable under FLSA, the MWHL or the MWPCL if the employer met the economic reality test for "control." *Campusano v. Lusitano Const. LLC*, 208 Md. App. 29, 36-40 (2012).

16. Defendant Lesbia Veronica Marin would be considered an employer for purposes of individual liability because of her intrinsic involvement in the business.

## FACTS

17. Plaintiff was employed by Defendants as a driver from June 1, 2008 through March 6, 2017 (the "Employment Period").

18. Plaintiff was paid at a daily rate of $100.00 per day in cash during the Employment Period.

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

19. Plaintiff worked approximately seventy-two hours per week and was never compensated at the required overtime rate of one and one half times his regular hourly rate for those hours worked over forty hours.

20. Plaintiff is owed approximately $31,628.56 in unpaid minimum and overtime wages.

21. Plaintiff is owed minimum and overtime wages that Defendants willfully failed and refused to pay to Plaintiff in violation of federal law.

22. By statute, Defendants are required to maintain records of the name of each employee, the rate of pay of each employee, the amount paid to each employee per pay period and the hours each employee worked each day and workweek. *See* 29 U.S.C. §211(c).

23. The precise number of hours worked, and wages owed, should be revealed through discovery.

24. Defendants knowingly and intentionally violated Plaintiff's rights under state and federal law.

## COUNT I
## (FLSA)

25. Plaintiff adopts herein by reference paragraphs 1 through 24 above as if fully set forth herein.

26. Defendants were required to pay Plaintiff minimum wage and overtime compensation at the rate of one and a half times his regular hourly rate for all hours worked in excess of forty hours per week. *See* 29 U.S.C. § 207(a)(2).

27. Throughout the Employment Period, Defendants failed to pay minimum wage and to compensate Plaintiff at the rate of one and a half times his regular hourly rate for all hours worked in excess of forty hours per week.

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

4

5218234_1

28. Defendants' actions complained of herein constitute a willful violation of Maryland law and the FLSA.

29. Defendants' violation makes them liable to Plaintiff for all unpaid minimum and overtime compensation, and an additional equal amount as liquidated damages.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment against Defendants, jointly and severally, and in his favor in an amount to be determined at trial, but not less than $63,257.12 which is two times the total overtime compensation owed, to grant Plaintiff his reasonable attorneys' fees and costs, and such other and further relief as the Court deems just and proper.

## COUNT II
### (Violation of the Maryland Wage Payment and Collection Law)

30. Plaintiff adopts herein by reference paragraphs 1 through 24 above as if fully set forth herein.

31. The amounts owed to Plaintiff by Defendants for unpaid minimum and overtime wages constitute "wages" under the MWPCL. Md. Code Ann., Labor & Empl., § 3-501(c).

32. Defendants were required to pay to Plaintiff minimum wage and compensation at the rate of one and a half times his regular hourly rate for all hours worked in excess of forty hours per week. See Md. Code, Labor and Empl, §3-415.

33. While employed by Defendants, Plaintiff worked overtime hours that were not properly compensated by Defendants as required by the MWPCL.

34. Unpaid wages are due and owing to Plaintiff by Defendants.

35. Defendants' failure and refusal to comply with their obligations under the MWPCL was not due to any bona fide dispute, and was therefore willful and not in good faith.

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

5218234_1

WHEREFORE, Plaintiff respectfully requests this Honorable Court to enter judgment against Defendants, jointly and severally, and in favor of Plaintiff in an amount to be determined at trial, but no less than $94,885.68 which equals three times the wages owed; and to grant to Plaintiff his reasonable attorneys' fees and costs and such other and further relief as the Court deems just and proper.

## COUNT III
### (Violation of the Maryland Wage and Hour Law)

36. Plaintiff adopts herein by reference paragraphs 1 through 24 above as if fully set forth herein.

37. Defendants were required to pay Plaintiff minimum wage and to pay one and a half times his regular hourly rate for hours in excess of forty hours per week. See Md. Code Ann., Lab. & Empl. § 3-415.

38. Throughout the Employment Period, Defendants failed to properly pay Plaintiff's overtime as required by the MWHL.

39. Unpaid overtime wages are due and owing to Plaintiff by Defendants.

40. Defendants' failure and refusal to comply with their obligations under the MWHL was willful and not in good faith.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment against Defendants, jointly and severally, and in favor of Plaintiff in an amount to be determined at trial, but not less than $63,257.12 and to grant to Plaintiff his reasonable attorneys' fees and

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

costs, and such other and further relief as the Court deems just and proper.

                    Respectfully submitted,

                    STEIN SPERLING BENNETT
                    DE JONG DRISCOLL PC

By:     /s/ *Mary Craine Lombardo*
        Mary Craine Lombardo (17140)
        mlombardo@steinsperling.com

By:     /s/ *Eduardo S. Garcia*
        Eduardo S. Garcia (07200)
        egarcia@steinsperling.com

        25 West Middle Lane
        Rockville, Maryland 20850
        301-340-2020
        301-354-8126 (fax)

        *Attorneys for Plaintiff*

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

7

5218234_1